1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10
KYLE AVERY,
CDCR #E-67897,
11
                              Plaintiff,
12

13

14

15                    vs.

16

17

18
A. ALLAMBY, Lieutenant;
19 V. CANADA, Lieutenant;
J. N. CLARKE, Lieutenant,
20

21

22                           Defendants.

23

24

25
26        Kyle Avery ("Plaintiff"), is currently incarcerated at Richard J. Donovan

27 Correctional Facility ("RJD"), and proceeding in pro se and *in forma pauperis* in this

28 civil action filed pursuant to 42 U.S.C. § 1983.

Civil No.    13cv3169 BTM (DHB)

**ORDER:**

**1) GRANTING PLAINTIFF'S MOTION FOR U.S. MARSHAL SERVICE UPON DEFENDANT CLARKE**
**(Doc. No. 15)**

**(2) DIRECTING DEPUTY ATTORNEY GENERAL TO PROVIDE DEFENDANT CLARKE'S FORWARDING ADDRESS IN CONFIDENTIAL MEMO TO U.S. MARSHAL IN ORDER TO EFFECT SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND FED.R.CIV.P. 4(c)(3)**

**AND**

**(3) GRANTING PLAINTIFF EXTENSION OF TIME TO EFFECT SERVICE UPON DEFENDANT CLARKE PURSUANT TO FED.R.CIV.P. 4(m)**

1

## I.    Procedural Background

On November 10, 2014, the Honorable John A. Houston screened Plaintiff's First Amended Complaint ("FAC") (Doc. No. 5), and dismissed Defendants Ruffino, Benyard, and Paramo as parties pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1).[1]  *See* Nov. 10, 2014 Order (Doc. No. 6).  At the same time, however, Judge Houston directed the U.S. Marshal to effect service of a summons and Plaintiff's FAC upon Defendants Allamby, Canada, and Clarke pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3). *Id.*

On November 12, 2014, the Clerk issued the summons on Plaintiff's FAC, and forwarded an "IFP package" to him, which included certified copies of his FAC, a U.S. Marshal Form 285 ("USM Form 285") for Defendants Allamby, Canada, and Clarke, and a copy of the Court's July 11, 2014 Order (Doc. No. 4) granting him leave to proceed IFP.  *See* Doc. No. 7; *Puett v. Blandford*, 895 F.2d 630, 634 (9th Cir. 1990) ("An incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of summons and complaint").

On December 30, 2014, the U.S. Marshal returned Plaintiff's USM Form 285 unexecuted as to Defendant J. N. Clarke, with a notation indicating that per the Litigation Coordinator at RJD, where Plaintiff indicated on his USM Form 285 that Lt. Clarke could be served: "Defendant is retired.  No forwarding address provided." *See* Doc. No. 8.  Waivers of personal service upon the remaining two Defendants (Canada and Allamby) were subsequently filed on January 20, 2015 (Doc. Nos. 9, 10), and those Defendants have filed an Answer (Doc. No. 11).

## II.   Plaintiff's Motion

On January 28, 2015, Plaintiff filed a Motion for Service upon Defendant Clarke (Doc. No. 15).  Plaintiff requests that this Court issue an Order directing the Deputy Attorney General representing Defendants Canada and Allamby to ascertain Defendant

---

[1]  On February 6, 2015, the case was transferred to this Court's docket as related to *Avery v. Paramo, et al.*, S.D. Cal. Civil Case No. 13cv2261 BTM (DHB), pursuant to the "Low Number Rule," S.D. CAL. CIVLR 40.1 (Doc. No. 13).

Clarke's forwarding address and to provide it to the U.S. Marshal in a confidential manner so that he can be served.  *See* Pl.'s Mot. (Doc. No. 15) at 1-3.

### III.   FED.R.CIV.P. 4 Service Rules

Rule 4 of the Federal Rules of Civil Procedure provides that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED.R.CIV.P. 4(m).

In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the court, serves the summons and the complaint.  FED.R.CIV.P. 4(c)(3) (providing for service by a United States marshal or deputy marshal "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C § 1915."); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'"  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett*, 912 F.2d at 275), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause.'"  *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate.  *Walker*, 14 F.3d at 1421-22; *see also Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon

1   the appropriate defendant and attempt to remedy any apparent defects of which [he] has

2   knowledge.").

3        The Court enjoys broad discretion under Rule 4(m) to extend time for service even

4   without a showing of good cause. *In re Sheehan,* 253 F.3d 507, 513 (9th Cir. 2001);

5   *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that district

6   court may, under the broad discretion granted by FED.R.CIV.P. 4(m), extend time for

7   service retroactively after the 120-day service period has expired).

8        Here, the Court finds Plaintiff has provided information "necessary to sufficiently

9   identify" J. N. Clarke, whom he identifies as a Correctional Lieutenant employed at RJD

10   at the time his cause of action accrued against him in August 2013. *Walker*, 14 F.3d at

11   1422. *See also* Pl.'s FAC (Doc. No. 5 at 5; Doc. No. 8). The only reason the U.S.

12   Marshal was unable to effect service upon Clarke at RJD however, is due to Clarke's

13   retirement, and the presumably confidential nature of his forwarding address. Thus, *as*

14   *long as the privacy of Defendant Clarke's forwarding address can be preserved*, Plaintiff

15   is entitled to rely on the U.S. Marshal to effect service upon Clarke on his behalf. *See*

16   *Puett*, 912 F.2d at 275. The Court will direct the Deputy Attorney General assigned to

17   this case to contact the Litigation Coordinator at RJD, and to ask him or her to provide

18   any forwarding address in his or her possession, or which is obtainable from the CDCR's

19   personnel records for Defendant Lt. J. N. Clarke, now retired, and to forward that address

20   to the U.S. Marshal in a *confidential memorandum* indicating that the summons and

21   Plaintiff's FAC is to be served upon Clarke at that address.[2]

22   / / /

23   / / /

24   / / /

25   _____

26   [2] Pursuant to this confidential service Order, Defendant Clarke's address *shall not* appear on any U.S. Marshal Form 285, *shall not* be made accessible to Plaintiff under any circumstances, and *shall not* be made part of the Court's record. While a "state

27   prison official may be justifiably reluctant to provide employee addresses to a prisoner . . . due to security concerns, it can hardly claim the same reluctance in providing the

28   information to a federal law enforcement agency." *Graham v. Satkoski,* 51 F.3d 710, 713 (7th Cir. 1995).

**IV.    Conclusion and Order**

Accordingly, the Court hereby:

1)    **GRANTS** Plaintiff's Motion for U.S. Marshal Service upon Defendant Clarke (Doc. No. 15).

2)    **ORDERS** the Deputy Attorney General assigned to this case to determine from the Litigation Coordinator at RJD if a forwarding address exists in his or her records, or is easily obtainable from the CDCR's personnel records, for Defendant Lt. J. N. Clarke, now retired, and to provide it to the U.S. Marshal in a *confidential memorandum* indicating that the summons and Plaintiff's FAC (Doc. Nos. 5, 7) are to be served upon Lt. Clarke at that address.

3)    **ORDERS** the U.S. Marshal, pursuant to FED.R.CIV.P. 4(c)(3), (m) and 28 U.S.C. § 1915(d), to *within 30 days of receiving* Defendant Clarke's confidential forwarding address, effect service of Plaintiff's FAC (Doc. No. 5) and summons (Doc. No. 7) upon Defendant Clarke.   All costs of service will be advanced by the United States pursuant to the Court's July 11, 2014 and November 10, 2014 Orders granting Plaintiff leave to proceed IFP and directing service pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3) (Doc. Nos. 4, 6).

**IT IS SO ORDERED.**

DATED:  February 17, 2015

BARRY TED MOSKOWITZ, Chief Judge
United States District Court